Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2061 | **DATE** | 9/17/2001 |
| **CASE TITLE** | Wilton Industries, Inc. Vs. Lotus California, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Nguyen moves to dismiss. Because we agree with Nguyen to a minor extent, we dismiss count III with leave to amend within 21 days. We otherwise deny the motion to dismiss. Status hearing set for October 11, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 18 2001 | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | docketing deputy initials |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP 18 PM 12:38 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILTON INDUSTRIES, INC., an Illinois )
corporation )
 )
 ) No. 01 C 2061
            Plaintiff, )
 )
       v. ) Judge James B. Moran
 )
LOTUS CALIFORNIA, INC., a California )
corporation, and TUAN NGUYEN a/k/a )
TOM WINN, )
 )
            Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff allegedly entered in to a contract with Lotus California, Inc. ("Lotus"), signed on behalf of Lotus by defendant, Tuan Nguyen, by the name Tom Winn, as its president. In that contract, Lotus agreed to use its best efforts to obtain the lowest possible prices from manufacturers and that it would not receive any payments from any manufacturers except where first disclosed to and approved by plaintiff. But, according to the complaint, Lotus and Nguyen had both already made a deal with a manufacturer to get kickbacks on its sales to plaintiff, which kickbacks were not disclosed to plaintiff. The action is now stayed against Lotus because it is in bankruptcy. Plaintiff seeks to proceed, however, against Nguyen for the alleged kickbacks he received. It claims fraud (Count III), unjust enrichment (Count V) and conversion (Count VI). Nguyen moves to dismiss. Because we agree with Nguyen to a minor extent, we dismiss Count III with leave to amend within 21 days. We otherwise deny the motion to dismiss.

Nguyen attacks the fraud claim on two grounds. One is that Illinois permits a claim of promissory fraud only if it is "particularly egregious." Desnick v. ABC, Inc., 44 F.3d 1345, 1354 (7th Cir. 1995), and this is not. The other is that the fraud is not alleged with sufficient

particularity. We think accepting kickbacks when, as president, defendant has represented in a contract that his company will use its best efforts to obtain the lowest possible price is indeed sufficiently egregious to survive a motion to dismiss. But plaintiff claims that in par. 42 of the Complaint it also is alleging that Nguyen represented verbally that *he* would use the best efforts of Lotus to obtain the lowest possible price. To conform to Rule 9(b), F.R. Civ. P., it must allege when and where those representations were made and to whom. Accordingly, we dismiss Count III with leave to amend.

The basis for the motion seeking dismissal of the unjust enrichment claim, Count V, is that it does not apply where there is an alleged contract. According to defendant, there is a contract - the one between plaintiff and Lotus, and plaintiff failed to secure a restriction on his receiving kickbacks. Plaintiff is not claiming, however, any restriction based on contract. It had no contract with Nguyen. It claims, rather, that it was deprived of a benefit through the wrongful appropriation of the benefit by the defendant. That states a valid claim. HPI Health Care v. Mt. Vernon Hospital, 137 Ill. Dec. 19, 26, 545 N.E.2d 672 (Ill. 1989).

Finally, we conclude that Count VI alleges a claim for conversion. It does not allege a general debt or obligation. Rather, it claims that specific payments to defendant were wrongful and were amounts to which plaintiff was entitled to immediate possession. This is enough. Ossey v. Bennett, 1994 U.S. Dist. LEXIS 615 (N.D.Ill.).

*/s/ James B. Moran*
JAMES B. MORAN
Senior Judge, U.S. District Court

September 17, 2001

2